**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

_____
                                            )
**CAPITAL ONE BANK (USA) N.A.,** *et al*,   )
                                            )
    **Plaintiffs,**                        )
                                            )
    v.                                      )    **CIVIL NO. 3:08CV147**
                                            )
**HESS KENNEDY CHARTERED, LLC,** *et al.*,  )
                                            )
    **Defendants.**                          )
_____)

**MEMORANDUM OPINION**

    This matter is before the Court on referral from the trial court pursuant to 28 U.S.C. § 636(b)(1)(A) on Plaintiff Capital One Bank's (USA) N.A. ("Capital One") non-dispositive Motion to Compel Production of Documents by Defendant Consumer Credit Counseling of America, Inc. ("CCCA") (docket no. 57.)  The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process. For the reasons set forth herein, Capital One's Motion is GRANTED IN PART and DENIED IN PART.

**RELEVANT FACTS**

    Plaintiff Capital One is in the business of providing credit to consumers in Virginia. (Compl. ¶ 2.) Each account is governed by a Customer Agreement which requires the consumer to pay the charges, fees, and interest accrued on the charges.

(Compl. ¶ 2.) Defendants are CCCA and several individual law firms. CCCA solicits customers both online and by other means to provide debt collection services. (Compl. ¶ 4.) After a customer agrees to participate in debt collection services, a defendant law firm takes on representation of the customer, and forwards correspondence to the customer's creditors disputing the account. (Compl. ¶ 4.) CCCA receives a referral fee for referring consumers to the law firm defendants, or it collects fees directly from the consumers. (Compl. ¶ 25.) By advising clients to refrain from paying on their accounts with Capital One, Capital One alleges that CCCA violated the Credit Repair Organization Act, 15 U.S.C. § 1679, tortiously interfered with contract and business relations, and participated in a conspiracy to defraud Capital One "of money owed on consumers' credit card accounts and to intentionally interfere with contractual or business relations between [Capital One] and [its] customers."  (Compl. ¶¶ 46-68.)

## PROCEDURAL HISTORY

Capital One filed its Complaint on March 6, 2008. (Compl.)  On June 4, 2008, Capital One served a Request for Production of Documents on CCCA. (Plaintiff's Motion to Compel Production of Documents by Defendant Consumer Credit Counseling of America, Inc. "Pl.'s Mot." at 3.) Capital One represents that initial discussions to resolve discovery disputes regarding the requested document production were not successful, and on July 10, 2008, CCCA served Objections and Responses on Capital One. (Consumer Credit Counseling of America, Inc.'s Objections and Responses to Plaintiff's Requests for Production "Def.'s Objects.".) In addition to the Objections and Responses, CCCA produced 172 pages of documents and 96 voice recordings in at least partial response to the discovery demands of Capital One. (Pl.'s Mot. at 3.) The parties

engaged in further discussion of the disagreements regarding the discovery requests. (Pl.'s Mot. at 4.) However, in a letter dated July 29, 2008, CCCA reiterated its objections and stated that it was unwilling to compromise further. (Pl.'s Mot. at 4.) On September 11, 2008, Capital One's Motion for Leave to File a Second Amended Complaint was granted, and Capital One filed a Second Amended Complaint. The Court will assume that Capital One seeks to apply its original Motion to Compel in relation to the Second Amended Complaint and that the parties have satisfied the "meet and confer" mandate of the Local Rules.

## ANALYSIS

Federal Rule of Civil Procedure 26(b) establishes the parameters for what information a party is entitled to discover in pretrial preparation. Fed. R. Civ. Pro. 26(b). In essence, a party is entitled to any information that is relevant to a claim or defense in the matter. Id. Moreover, relevance does not mean that the information has to be admissible at trial, but merely that the requested information is reasonably likely to lead to the discovery of admissible evidence. Id. Discovery "is broad in scope and freely permitted." Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003).

The burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted. Finley v. Trent, 955 F. Supp. 642, 648 (4th Cir. 1997) (citing Castle v. Jallah, 142 F.R.D. 618, 620 (E.D. Va. 1992)). District courts are allowed broad discretion in resolving discovery disputes. Carefirst of Md., Inc., 334 F.3d at 402. With the foregoing background, each contested document request will be considered in turn.

**A. Document Request Number Three**

Capital One seeks the financial statements and tax returns of CCCA, as well as those of any affiliate or other entity over which CCCA had or has any interest or control, for the past five years. (Def.'s Objects. at 4.) CCCA objects, arguing that the information is irrelevant, not reasonably likely to lead to the discovery of admissible evidence, and that the request is otherwise overly broad and unduly burdensome. (Def.'s Objects. at 5.)

As Capital One has sought punitive damages in the instant action, the "request is both related to the subject of the action and reasonable." Vanguard Military Equip. Corp. v. David B. Finestone Co., Inc., 6 F. Supp. 2d 488, 495 (E.D. Va. 1997). Accordingly, CCCA must produce the documents, but only as to the two (2) prior years where additional cycles are of marginal, if any, utility and the presumed burden of production outweighs any potential usefulness.

**B.  Document Request Number Six**

Capital One seeks "any and all documents, including, but not limited to, letters and/or e-mails, sent to, or received from any other defendant to this litigation, as well as all documents which in any way mention, regard or relate to any other defendant." (Def.'s Objects. at 6.) CCCA objects, arguing that the request has no relationship to the subject matter of the litigation, is not limited by time, is unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. (Def.'s Objects. at 6.)

In Castle v. Jallah, the court concluded that the scope of discovery for a non-party litigant under a subpoena *duces tecum* was the same as the scope of a discovery request made upon a party to the action. See Castle, 142 F.R.D. at 620. In In re Subpoena Duces

Tecum to AOL, LLC, the court found that a subpoena demand was overbroad because the subpoena requested all of an individual's e-mails for a six week time period, without any limitation as to the subject matter of the litigation or restricted to the communications of specific individuals. 550 F. Supp. 2d 606, 612 (E.D. Va. 2008). Not only does the subject request here have no time limitation, but it does not limit the scope of the e-mail communications to those containing information regarding the subject matter of the litigation. Accordingly, CCCA's objection is SUSTAINED, with leave being GRANTED to Capital One to promptly revise its demand, if at all.

**C. Document Request Number Eight**

Capital One seeks any and all documents which in any way relate to any lawsuit, regulatory action, administrative action, bar investigation, or bar complaint filed which involves any defendant or a list of specified individuals. (Def.'s Objects. at 7.) CCCA objects, arguing that any other action is unrelated to the pending action, and that the information is deemed confidential by statute. (Def.'s Objects. at 7, 2.) As such, CCCA argues that the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. (Def.'s Objects. at 2.)

In fact, such information is relevant to the lawsuit in that it may provide the basis for impeachment of a trial witness. Other courts within the Fourth Circuit have held that evidence obtained solely for the purpose of impeachment is discoverable within the federal discovery rules. See, e.g., Becker v. Bayer Cropscience, L.P., 2006 US Dist. LEXIS 44197, at *11 (S.D.W. Va. 2006); Newsome v. Penske Truck Leasing Corp., 437 F. Supp. 2d 431, 436-37 (D. Md. 2006); Belher v. Hanlon, 199 F.R.D. 553, 561 (D. Md. 2001); Ward v. CSX Transp., 161 F.R.D. 38, 39 (E.D.N.C. 1995). Furthermore, CCCA

has the burden of the persuasion and it has not made reference to the statute it claims precludes disclosure of the information; nor has it addressed why any privileged information cannot be redacted or otherwise preserved.  The discovery will therefore be enforced, but limited to the past five (5) years, beyond which the Court concludes production would be overly burdensome.

**D.  Document Request Number Nine**

Capital One also seeks any and all documents relating to any communications with any state or federal regulator, state bar, or Attorney General. (Def.'s Objects. at 7.) CCCA objects, arguing that any other action is unrelated to the pending action, and the information sought is deemed confidential by statute. (Def.'s Objects. at 2.) As such, CCCA asserts that the request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. (Def.'s Objects. at 2.)

The requested information is potentially relevant to the instant action where it may provide the basis for impeachment of a trial witness based on the same authority as previously cited.  Again, CCCA has failed to cite to the statute it claims prohibits disclosure, or explained why it cannot employ a reasonable procedure to protect the confidentiality of any privileged material.  Accordingly, the information must be produced, but limited to the past five (5) years, coinciding with the production ordered in regard to Document Request Number Eight and for the same reasons.

**E.  Document Request Number Eleven**

Capital One seeks copies of any and all advertisements or solicitations employed by, issued at the request of, issued in furtherance of, or which in any way mention, relate to or regard to any defendant or a number of listed individuals. (Def.'s Objects. at 8.)

CCCA objects, arguing that the request is overbroad, the documents are not under CCCA's control, and the documents are equally available to Capital One. (Def.'s Objects. at 1-2, 9.)

The request is not overbroad, as it identifies the specific individuals associated with the advertisements. Although CCCA has the burden of proof, it has not explained why the documents are not under its control.  Although Capital One could potentially access such advertisements itself, it would not necessarily have access to all mailings and related advertisements.  Production shall, therefore, be undertaken.

**F.  Document Request Number Fourteen**

Capital One seeks any and all documents which in any way relate to or regard any Capital One customer or Capital One. (Def.'s Objects. at 10.) CCCA objects, arguing that the request is overbroad. (Def.'s Objects. at 1-3.) Furthermore, CCCA argues the request is unduly burdensome, requiring CCCA to review each client file where the files are not currently organized in a manner to expedite the request.  (Def.'s Objects. at 3.)

CCCA has not provided any specific information on the amount of projected hours or effort it would require to obtain the information, nor any specific details on the costs involved.  As CCCA bears the burden of proof, and has not provided sufficient explanation, it must undertake reasonable efforts to produce the information or demonstrate, with specificity, why it would be overly burdensome and costly.

**G.  Document Request Number Twenty-Five**

Capital One seeks any and all documents demonstrating payment or transfer of funds from CCCA, or its employees, agents, or affiliates, to any defendant in the lawsuit, including employees, agents, and affiliates. (Def.'s Objects. at 15.) CCCA objects,

arguing that the request is overbroad, unduly burdensome, and that the use of the terms "agent and affiliate" are vague. (Def.'s Objects. at 1-4, 15.)

The request specifies the transfers that Capital One is interested in, and is not, therefore, overbroad. CCCA has the burden of proof and yet has not provided any specific reason for why the request is unduly burdensome. The nature and extent of the financial relationship of CCA and affiliates may have potential relevance for at least purposes of possible impeachment of trial witnesses.

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Date:   September 29, 2008